Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6141 | **DATE** | August 7, 2012 |
| **CASE TITLE** | Charles Thornton (# 2010-0720078) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has neither paid the required filing nor moved to proceed *in forma pauperis*; moreover, Plaintiff's complaint does not state a claim against the named Defendants. Plaintiff is directed to (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee, (2) submit an amended complaint, and (3) show cause in writing why his claims should not be dismissed without prejudice for failure to exhaust his administrative remedies. The Clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form and a copy of this order. Plaintiff's failure to fully comply with this order within 30 days will result in dismissal.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, a pretrial detainee at Cook County Jail has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. If funds in that account are insufficient to pay the filing fee in full, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Thus, unless he pays the fee in full, Plaintiff must file a complete *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months. Correctional authorities having custody of the Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

The court turns to its initial review of Plaintiff's complaint. Plaintiff alleges that he slipped on a wet floor on July 18, 2012. When Plaintiff was ordered to move with the line, he informed Correctional Officer Alexander that he was experiencing sharp pains. Alexander forced Plaintiff to walk to his cell. Later, Alexander wrote an incident report and escorted Plaintiff to the dispensary, where Nurse Onyeachanom looked under Plaintiff's shirt and told Plaintiff he was "fine." Doctor Simms also examined Plaintiff by looking under Plaintiff's shirt; Simms, too, told Plaintiff everything was "fine." Plaintiff has been experiencing stiffness and pain since the fall and has not received proper medical care.

Plaintiff names "Cook County Municipality," Superintendent Reyes, and Sergeant Hallihan as Defendants in both their individual and official capacities. His allegations do not state a claim against either of the named Defendants, however. Plaintiff does not allege that either Reyes or Hallihan were personally involved in the alleged denial of proper medical care; without personal involvement, there is no basis for individual liability because the respondeat superior theory is does not support a claim under Section 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of

## STATEMENT

respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

As to any official capacity claims, a governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Plaintiff here does allege that Cook County has "adopted a custom, policy regulation, and rules" that deny detainees' due process and equal protection under the law. "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient," however. *McTigue v. City of Chicago*, 60 F.3d 381, 382-83 (7th Cir. 1995) (citations and internal quotation marks omitted); *Dean v. City of Harvey*, No. 05 C 24454, 2006 WL 3095756, *2 (N.D. Ill. Oct. 30, 2006) (Hibbler, J.). "The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of Section 1983 liability devoid of any well-pleaded facts." *Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999) (citations omitted). Plaintiff's conclusory allegation of a policy and custom without explanation or factual support amounts to "boilerplate" that is insufficient to set forth a plausible claim. *See, e.g., Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009). Accordingly, Plaintiff has not pleaded an official capacity claim and has not stated a claim against Cook County.

Finally, the court notes a concern about exhaustion of Plaintiff's administrative remedies. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

Here, Plaintiff's complaint was received approximately two weeks after the alleged fall and denial of medical care. Thus, it appears that Plaintiff could not have **fully** exhausted (through the appeal process) his administrative remedies prior to filing suit. Accordingly, Plaintiff must also show cause in writing why any submitted amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies.

In summary, Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee, (2) submit an amended complaint and (3) show cause in writing why any amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff's failure to fully comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.