# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6141 | **DATE** | September 17, 2012 |
| **CASE TITLE** | Charles Thornton (# 2010-0720078) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [5] is granted. The court authorizes and orders Cook County Jail officials to deduct $6.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Plaintiff's amended complaint is dismissed without prejudice for failure to exhaust his administrative remedies. This matter is closed. Plaintiff must file a new suit that postdates the full administrative exhaustion procedure if he wishes to proceed on these claims. Plaintiff's motion to amend complaint [7] and for an extension of time [9] are denied as moot.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On August 7, 2012, the court ordered Plaintiff to: (1) either file an *in forma pauperis* application or pay the full $350 filing fee, (2) submit an amended complaint, and (3) show cause in writing why any amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff has responded to the court's order, but the court concludes his case must be dismissed. .

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Plaintiff's amended complaint re-alleges that he slipped on a wet floor on July 18, 2012, and that he was denied proper medical care following the fall. Because he submitted his original complaint just two weeks after the alleged fall and denial of medical care, it did not appear that Plaintiff could have fully exhausted (through the appeal process) his administrative remedies prior to filing suit. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court must dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

The exhaustion requirement obliges a prisoner/detainee to take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004);

## STATEMENT

*Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies after initiating litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). Failure to exhaust is normally an affirmative defense, but if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

Plaintiff's response to the court's show cause order does not specifically address the timing of Plaintiff's grievance and the filing of his complaint. Plaintiff asserts that he did file a grievance (he does not say when), but he concedes that he had not received a response to the grievance prior to filing suit and that the appeal process has not been completed. Plaintiff argues that he should nevertheless be allowed to proceed because the administration did not timely respond to his grievance. That argument might have traction in some circumstances, but Plaintiff must give staff a reasonable time to respond to a grievance before he can conclude the effort is fruitless and proceed to federal court. *See Mlaska v. Shah*, 428 Fed. Appx. 642, 2011 WL 2600602 (7th Cir. June 29, 2011). Filing suit just two weeks after the alleged incident did not give staff a reasonable time to respond to the grievance before filing suit. *See Mlaska*, 428 Fed. Appx. at 645, 2011 WL 2600602 at * 3 (holding that prisoner failed to exhaust available administrative remedies because he failed to give officials a reasonable time to respond to the grievance even though officials took longer than the published time to respond to the appeal of the grievance).

Plaintiff's failure to exhaust his administrative remedies appears on the face of his complaint/amended complaint and he has not shown cause that he had fully exhausted his administrative remedies prior to filing suit. Accordingly, the matter is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff must file a new suit that postdates the full administrative exhaustion procedure if he wishes to proceed on these claims. *See Ford*, 362 F.3d at 401.